UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CDI, INC., | ) |
| Plaintiff | ) |
| | ) 3:10-cv-78-RLY-WGH |
| vs. | ) CAUSE NO. _____ |
| | ) |
| WESTFIELD INSURANCE COMPANY and STATE AUTO INSURANCE COMPANY, | ) |
| Defendant | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, CDI, Inc. ("CDI"), by counsel, and for its Complaint for Declaratory Judgment against Westfield Insurance Company and State Auto Insurance Company, states as follows:

1. That CDI is a corporation incorporated under the laws of Indiana, with its principal place of business in Terre Haute, Vigo County, Indiana.

2. That Westfield Insurance Company is a corporation incorporated under the laws of Ohio, with its principal place of business located at One Park Circle, Westfield Center, OH 44251.

3. That State Auto Insurance Company is a corporation incorporated under the laws Ohio, with its principal place of business located at 518 E. Broad Street, Columbus, OH 43215.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC § 1332.

5. That this is an action for Declaratory Judgment pursuant to 28 USC § 2201 and Federal Rule of Civil Procedure 57.

6. That Michael Folsom filed suit against Menards, Inc. ("Menards"), CDI, Lamar Construction Company ("Lamar"), Crown Construction, Inc. ("Crown"), Gary's Plumbing Service, Inc. ("Gary's") and others, on July 15, 2009 seeking recovery for injuries Mr. Folsom allegedly sustained as a result of a partial collapse of a Menard Department Store under construction and located in Princeton, Gibson County, Indiana. Mr. Folsom's cause of action is pending in the United States District Court, Southern District of Indiana, Evansville Division, under cause No. 3:09-cv-094-RLY-WGH. (See Complaint, attached as **Exhibit "A."**)

7. That Derek Hazelip filed suit against Menards, CDI, Lamar, Crown, Gary's and others, on September 18, 2009 seeking recovery for injuries allegedly resulting from the incident described above in Paragraph 6. Mr. Hazelip's cause of action is pending in the Gibson County Superior Court, State of Indiana, under Cause No. 26D01-0909-CT-0011. (See Complaint, attached as **Exhibit "B"**).

## COUNT I

8. With respect to construction of the Menard Department Store, CDI and Lamar entered a contract on May 15, 2007 for the performance of subcontracting services by Lamar. (See CDI and Lamar contract, attached as **Exhibit "C"**).

9. Article 9 of the contract between CDI and Lamar required Lamar to obtain additional insurance coverage on behalf of CDI and Menards with respect to any liability

2

arising out of work performed under the contract. Such coverage was to be primary insurance for the additional insureds, CDI and Menards. Attachment "B" to such contract specifically provided that the coverage afforded CDI and Menards as additional insureds was to be primary insurance, and non contributory with respect to CDI's own insurance.

> Article 11.11 indicates, To the fullest extent of the law, the Subcontractor expressly agrees to defend (at Subcontractor's expense and with counsel acceptable to the (Contractor) indemnify and hold harmless the Owner Contractor. . . against all claims, damages, causes of action, . . . arising out of or resulting from . . . the Work . . . and is caused in whole or in part by any negligent act or omission of (Subcontractor). . .

10. Pursuant to the above-referenced contract, Lamar procured liability insurance through Westfield Insurance Company, naming CDI and Menards as additional insureds on a primary and non contributory basis for work performed by Lamar. CDI was a certificate holder of such policy. (See Certificate of Liability Insurance, dated May 30, 2007, attached as **Exhibit "D"**).

11. With respect to construction of the Menard Department Store, CDI and Crown executed a contract on June 8, 2007 for the performance of subcontracting services by Crown. (See CDI and Crown contract, attached as **Exhibit "E"**).

12. Article 9 of the contract between CDI and Crown required Crown to obtain additional insurance coverage on behalf of CDI and Menards with respect to any liability arising out of work performed under the contract. Such coverage was to be

primary insurance for the additional insureds, CDI and Menards. Attachment "B" to such contract specifically provided that the coverage afforded CDI and Menards as additional insureds was to be primary insurance, and non contributory with respect to CDI's own insurance.

> Article 11.11 indicates, To the fullest extent of the law, the Subcontractor expressly agrees to defend (at Subcontractor's expense and with counsel acceptable to the (Contractor) indemnify and hold harmless the Owner Contractor. . . against all claims, damages, causes of action, . . . arising out of or resulting from . . . the Work . . . and is caused in whole or in part by any negligent act or omission of (Subcontractor). . .

13. Pursuant to the above-referenced contract, Crown procured liability insurance through Westfield Insurance Company, naming CDI and Menards as additional insureds on a primary and non contributory basis for work performed by Crown. CDI was a certificate holder of such policy. (See Certificate of Liability Insurance, dated June 29, 2007, attached as **Exhibit "F"**).

14. That pursuant to its status as an additional insured and certificate holder on the policies of insurance issued by Westfield Insurance Company to Lamar and Crown, CDI promptly reported notice of Mr. Folsom's claim and Mr. Hazelip's claim to Westfield Insurance and demanded coverage and defense.

15. Westfield Insurance responded to such tender by denying coverage under the applicable policies. In so doing, Westfield Insurance breached its contractual duty to provide coverage and defense to CDI and Menards as additional insureds under the

4

policies with respect to Mr. Folsom's lawsuit and Mr. Hazelip's lawsuit against CDI and Menards.

16. With respect to construction of the Menard Department Store, CDI and Gary's entered a contract on May 15, 2007 for the performance of subcontracting services by Gary's. (See CDI and Gary's contract, attached as **Exhibit "G"**).

17. Article 9 of the contract between CDI and Gary's required Gary's to obtain additional insurance coverage on behalf of CDI and Menards with respect to any liability arising out of work performed under the contract. Such coverage was to be primary insurance for the additional insureds, CDI and Menards. Attachment "B" to such contract specifically provided that the coverage afforded CDI and Menards as additional insureds was to be primary insurance, and non contributory with respect to CDI's own insurance.

> Article 11.11 indicates, To the fullest extent of the law, the Subcontractor expressly agrees to defend (at Subcontractor's expense and with counsel acceptable to the (Contractor) indemnify and hold harmless the Owner Contractor. . . against all claims, damages, causes of action, . . . arising out of or resulting from . . . the Work . . . and is caused in whole or in part by any negligent act or omission of (Subcontractor). . .

18. Pursuant to the above-referenced contract, Gary's procured liability insurance through State Auto Insurance Company, naming CDI and Menards as additional insureds on a primary and non contributory basis for work performed by

Gary's. CDI was a certificate holder of such policy. (See Certificate of Liability Insurance, dated May 30, 2007, attached as **Exhibit "H"**).

19. That pursuant to its status as an additional insured and certificate holder on the policy of insurance issued by State Auto Insurance Company to Gary's, CDI promptly reported notice of Mr. Folsom's claim and Mr. Hazelip's claim to State Auto Insurance Company and demanded coverage and defense under the policy at issue.

20. State Auto Insurance Company responded to such tender by denying coverage under the applicable policy. In so doing, State Auto Insurance Company breached its contractual duty to provide coverage and defense to CDI and Menards as additional insureds under the policy with respect to Mr. Folsom's lawsuit and Mr. Hazelip's lawsuit against CDI and Menards.

21. Issuance by defendants of certificates of insurance to CDI and Menards to meet the contractual obligations undertaken by their primary insureds, including but not limited to their contractual obligations of indemnification, bind the defendants to provide the coverage bargained for, first dollar defense and indemnifications under the contracts between the defendants' insureds and CDI and Menard, Inc.

22. Thus far none of the Defendants named herein have agreed to accept Menards and CDI's tender of the Folsom and Hazelip claims nor have they agreed to provide a defense in connection with those claims all in violation of their coverage obligations to CDI and Menards.

WHEREFORE, CDI, by counsel, seeks a declaratory judgment that the Defendants are obligated to provide complete coverage and defense on a primary basis to

CDI and Menards based on their status as additional insureds, including indemnity for any judgment entered against CDI and/or Menards in Michael Folsom's Complaint, and Derek Hazelip's Complaint, as well as attorney fees and costs, including attorney fees and costs incurred to date in defending against Michael Folsom's Complaint, and Derek Hazelip's Complaint as well as attorney fees and costs incurred in prosecuting this action for Declaratory Judgment, and any other relief proper in the premises.

BOEHL STOPHER & GRAVES, LLP


BY:/s/James L. Fischer, Jr.
James L. Fischer, Jr. (Atty.#14549-10)
400 Pearl Street, Suite 204
New Albany, Indiana 47150
(812) 948-5053
*Counsel for Defendants*